10-5184-ag
Hernadi v. Holder

BIA
Nelson, IJ
A089 913 064

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of August, two thousand twelve.

PRESENT:
>JOSÉ A. CABRANES,
>RICHARD C. WESLEY,
>SUSAN L. CARNEY,
>>*Circuit Judges.*

_____

PUDJI HERNADI
>*Petitioner,*

>v.                                              10-5184-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:      Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Nancy N. Safavi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Pudji Hernadi, a native and citizen of Indonesia, seeks review of a November 30, 2010, order of the BIA, affirming the April 15, 2009, decision of an Immigration Judge ("IJ"), which pretermitted his application for asylum and denied his application for withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Pudji Hernadi*, No. A089 913 064 (B.I.A. Nov. 30, 2010), *aff'g* No. A089 913 064 (Immig. Ct. N.Y. City Apr. 15, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. §1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, Hernadi does not challenge the agency's pretermission of his asylum claim nor its finding

that the harm he alleged did not rise to the level of persecution.

In the absence of past persecution, an applicant for withholding of removal need not demonstrate that he would be singled out for future persecution if the applicant shows: (1) "a pattern or practice of persecution of a group of persons similarly situated to the applicant;" and (2) "his or her own inclusion in and identification with such groups of persons such that it is more likely than not that [his] life or freedom would be threatened." 8 C.F.R. § 1208.16(b)(2). To the extent that Hernadi argues that the agency failed to address his pattern or practice argument, the record demonstrates that the agency reasonably found that Hernadi failed to establish a pattern or practice of persecution of Chinese non-Muslims in Indondesia. *Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007).

Specifically, while the record demonstrates that "the [Indonesian] government sometimes tolerated private actors' discrimination against and abuse of individuals based on their religious beliefs," the record also states that in an effort to curb violence against Chinese non-Muslims, the Indonesian government has undertaken "notable efforts to

3

build interfaith harmony." Moreover, Hernadi has failed to distinguish his case from *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (noting that "Indonesia is a nation state consisting approximately of 6,000 inhabited islands and that, in many places, Roman Catholicism is predominant."); thus the agency reasonably concluded that the Indonesian government was not unable or unwilling to control violence against non-Muslim Chinese Indonesians, and that such violence did not support a pattern or practice claim.

The agency also reasonably noted that Hernadi's wife and children have remained in Indonesia without further incident. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was diminished); *see also Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005) (stating that fear of persecution is diminished when "family members remain in petitioner's native country without meeting harm"); *see also Matter of A-E-M-*, Int. Dec. 3338 at *4 (finding that applicant lacked a well-founded fear, in part, because his family members remained unharmed in Peru since his departure). Thus, in light of the record

4

evidence, and Hernadi's inability to distinguish his claim from our ruling in *Santoso*, the agency reasonably found that Hernadi failed to demonstrate a pattern or practice of persecution against Chinese non-Muslims in Indonesia. *See Santoso*, 580 F.3d at 112.

As the agency did not err in concluding that Hernadi failed to establish a clear probability of future persecution if returned to Indonesia, it did not err in denying his application for withholding of removal or CAT relief insofar as his withholding and CAT claims shared the same factual predicate. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5